# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHELLE LAVERNE WRIGHT,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:12-cv-1640-Orl-31DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for a period of disability and disability insurance benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

## Procedural History

Plaintiff filed her application on March 23, 2010, alleging an onset date of February 13, 2010 (R. 161). Her application was denied initially and on reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ"). On October 4, 2011, the ALJ issued a decision denying Plaintiff's application (R.7-32). The Appeals Council denied Plaintiff's Request for Review (R. 1), making the ALJ's decision the final decision of the Commissioner. This action followed, and the matter is now ripe for review under 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff was forty-eight years old at the time of the ALJ's decision (R. 7, 161), with an 8th or 10th grade education and past work experience as a home health aide, certified nursing assistant, motel maid and receptionist (R. 25, 40-43).

The medical evidence relating to the pertinent time period is set forth fully in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had medically determinable impairments of "(1) Fibromyalgia, (2) Coronary disease with a history of myocardial infarction, (3) Hypertension, (4) Obesity, (5) Arthritis of the knees, (6) Depression, and (7) Anxiety," but found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 12). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, noting:

> The claimant can lift and or carry and push and pull twenty pounds occasionally (up to one third of the day), and ten pounds frequently (up to two-thirds of the day); but with the capacity to sit for four hours at a time and eight hours total during an eight hour day, and with the ability to stand for a total of two hours at a time, and a total of six hours per eight hour day; with preclusions from climbing ropes, ladders and scaffolds, but with the capacity for occasional climbing of stairs and ramps; and occasional balancing, stooping, kneeling, crouching and crawling. There are no significant manipulative limitations, no significant visual or communicative limitations, and she would have environmental limitations against concentrated exposure to respiratory irritants, including fumes, dust, and gases. Mentally she is capable of simple, repetitive, routine tasks, consistent with unskilled and entry-level semi-skilled work.

(R. 15-16).

The ALJ found that Plaintiff was unable to perform any past relevant work (R. 25), but, relying on the testimony of a Vocational Expert ("VE"), the ALJ determined that Plaintiff could perform other jobs that exist in significant numbers in the national economy and therefore Plaintiff was not disabled (R. 26-7).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff contends that the administrative decision is erroneous in that: 1) the ALJ did not apply the correct legal standards with respect to the VE testimony; 2) the ALJ did not apply correct legal standards to treating opinions indicating that claimant had a headache impairment; and 3) the ALJ failed to properly apply the correct legal standard se forth in *Winschel v.Commissioner of Social Sec.,* 631 F.3d 1176, 1180-1181 (11th Cir. 2011). Upon review, the Court finds no error.

**The five step evaluation sequence**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not

have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The Court addresses Plaintiff's objections in the context of this evaluation.

**The step two finding**

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Commissioner of Social Sec.,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically

---

[1] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities.  An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).  Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).  To satisfy the requirements of step two of the sequential evaluation process, however, the claimant's impairment(s) also must be severe for at least twelve consecutive months. *See* 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii);  *Barnhart v. Walton*, 535 U.S. 212, 217 (2002).

Applied here, Plaintiff alleges that the ALJ erred in failing to include her complaints of headaches as a severe impairment, noting that two of her physicians had diagnosed her with migraine headaches.[2] As noted by the Commissioner, however, Plaintiff did not allege that she had work-related limitations due to headaches and did not raise this impairment as a basis for her disability claim in her application or disability report (R. 166, 225, 236).[3]  At her hearing, although Plaintiff testified that she had headache pain after she was attacked at work (R. 43), when asked "what is it that keeps you from being able to work on a full time basis," Plaintiff mentioned fatigue, shortness of breath, knee pain and "I can't do much walking like I used to could" (R. 61), but did not claim any limitations due to headaches.  The ALJ did not err in failing to list headaches as a separate impairment under these

---

[2]In his decision, the ALJ fully reviewed the evidence, explicitly including the evidence regarding Plaintiff's headaches (*see, e.g.,* R. 17, 20), but he did not list headaches as a step two impairment.

[3]Plaintiff's administrative attorney also did not raise headaches as an impairment in his briefing or argument to the ALJ (R. 257-259, 39).

circumstances. *See Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (noting "it has been persuasively held that an '[ALJ] is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (internal citation omitted).

Moreover, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Commissioner of Social Security*, 382 Fed. Appx. 823 (11th Cir. 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at step two and proceeded forward with the sequential evaluation. Thus, even if Plaintiff's headaches should have been included as severe at step two (a finding the Court does not make), the omission is only reversible error if the ALJ subsequently failed to fully account for functional limitations arising from the headaches. As Plaintiff has not identified any such functional limitations, let alone limitations lasting for the 12 month requirement, remand is not warranted.

**Step three findings**

Plaintiff contends that the ALJ erred in failing to include all of her impairments in the RFC assessment in that the ALJ did not adequately account for Plaintiff's moderate limitations in maintaining concentration, persistence, and pace, consistent with *Winschel*.

When evaluating a mental impairment at step two, the Commissioner is required to apply the "special technique" described in 20 C.F.R. § 416.920a. This technique requires the adjudicator to determine first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 416.920a(b)(1). If the claimant is found to have such an impairment, the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," 20 C.F.R. § 416.920a(b)(2), which specifies four broad functional areas: (1) activities

of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are found, then the adjudicator "generally" will conclude that the claimant's mental impairment is not "severe." 20 C.F.R. § 416.920a(d)(1). If the mental impairment(s) are found to be severe, but the impairment neither meets nor is equivalent in severity to any listing, "we will then assess your residual functional capacity." 20 C.F.R. § 416.920a(d)(3).

Here, the ALJ found Plaintiff's depression and anxiety to be severe impairments at step two and, as part of the required evaluation, the ALJ made further findings, including a finding that Plaintiff had moderate difficulties in concentration, persistence or pace (R. 14). As noted above, the RFC explicitly included a finding that Plaintiff is mentally capable of "simple, repetitive, routine tasks, consistent with unskilled and entry-level semi-skilled work." (R. 15). The ALJ also included this limitation in the hypothetical presented to the VE (R. 63, 64). Plaintiff contends that neither the RFC nor the hypothetical question adequately accounts for Plaintiff's moderate difficulties in concentration, persistence or pace under the controlling law.

To the extent Plaintiff appears to contend that the RFC must include a limitation on her abilities in this area, she is incorrect. An RFC is not a listing of impairments or limitations. Rather, the RFC is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work *despite* his impairments. *Lewis v. Callahan,* 125 F. 3d 1436, 1440 (11th Cir. 1997). *See also* 20 C.F.R. § 404.1545 ("Your residual functional capacity is the most you can still do despite your limitations"). Here, the ALJ considered and fully evaluated Plaintiff's mental impairment at step two and determined that Plaintiff nonetheless had the RFC of being mentally capable of performing simple, repetitive, routine tasks. As this finding is supported by substantial evidence,[4] no error is

---

[4] In fact, as noted by the ALJ, there is no history of inpatient or outpatient psychiatric treatment (R. 25) and no opinions by any provider listing mental health limitations.

shown. *See Smith v. Commissioner of Social Sec.*, 486 Fed. Appx. 874, 876 (11th Cir. 2012) (affirming step four finding that claimant could return to past relevant work where ALJ found claimant was moderately limited in his ability to maintain concentration, persistence and pace, but nonetheless could perform simple, routine and repetitive tasks).

**Step five finding**

Plaintiff next contends that the ALJ erred at step five in that the hypothetical presented to the VE, which set forth the limitations found in the RFC, did not properly account for her moderate limitation in concentration, persistence or pace noted at step two of the sequential evaluation. Plaintiff also contends that the ALJ failed to resolve a conflict between the testimony of the VE and the Dictionary of Occupational Titles ("DOT").

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Sec.*, 363 F. 3d 1155, 1161 (11th Cir. 2004).

The Eleventh Circuit has held that an ALJ's hypothetical question must take into account the ALJ's step two finding that a claimant has moderate limitations in maintaining concentration, persistence, and pace, unless the ALJ indicates that the medical evidence suggests that the claimant's ability to work is unaffected by the limitation or the ALJ's question implicitly accounts for the limitation. *See Winschel, supra*, 631 F.3d at 1180-81. Plaintiff argues that "an ALJ must be specific when accounting for moderate limitations in maintaining concentration, persistence, and pace." (Brief at 16). To the extent Plaintiff appears to argue that the standard requires rote recitation of the phrase "moderate limitations in concentration, persistence or pace" in any hypothetical, she is mistaken. As the Eleventh Circuit recently stated:

> In *Winschel*, we explained "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 631 F.3d at 1180. Instead, the hypothetical question must "include or otherwise implicitly account for all of [a claimant's] impairments"—including those in concentration, persistence, or pace—for the answer to it to constitute substantial evidence. *Id.* at 1181. ***Winschel* does not, however, stand for the proposition that an ALJ must intone the magic words concentration, persistence, and pace if the ALJ finds based on the PRT that a claimant has limitations in that broad functional area. Indeed, we noted that an ALJ may account implicitly for those limitations in other ways when crafting a hypothetical.** *Id.*

*Hines-Sharp v. Commissioner of Social Sec.,* 511 Fed.Appx. 913, 916 (11th Cir. 2013) (emphasis added).

Nor is the Court persuaded by Plaintiff's contention that the findings here do not comport with the standard recognized by Judge Presnell in *Hommell v. Commissioner of Soc. Sec.*, No. 6:12-cv-102-GAP-GJK, 2013 WL 787181 (M.D. Fla. Mar. 4, 2013). In *Hommell,* Judge Presnell stated:

> Thus, as set forth in *Winschel*, the standard is as follows: If the claimant is found to suffer from at least moderate limitations at steps two and three, the ALJ must either (1) indicate that those limitations do not affect the claimant's ability to work or (2) include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE.

*Hommell*, 2013 WL 787181,* 5 (emphasis added). Plaintiff argues that: "The ALJ failed to include any consideration of Ms. Wright's moderate limitations in maintaining concentration, persistence or pace in the hypothetical question posed to the VE. The ALJ also failed to indicate that medical evidence suggested that Ms. Wright's ability to work was not affected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical." (Brief at 15).

As set forth in the ALJ's decision, the medical evidence regarding Plaintiff's mental limitations (or, more accurately, the lack of evidence) was thoroughly noted and evaluated. The ALJ noted consistently normal mental status examinations in her treatment records with her providers, a lack of inpatient or outpatient psychiatric treatment, the absence of any restrictions in her daily activities, and her continued part-time work as a nursing assistant. The ALJ discussed at length the

opinions of the consultative and non-examining consultants and explicitly gave "great weight" to the opinion of the psychiatrist who evaluated Plaintiff and determined, among other things, that she is able to make personal and social adjustments and has the ability to understand, remember, and carry out instructions (R. 22).[5] The ALJ also gave some weight to a non-examining consultant that Plaintiff's mental impairments were "not severe." (R. 22-23).

Since *Winschel,* the Eleventh Circuit has repeatedly recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence or pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite concentration deficiencies. *See Jarrett v. Commissioner of Social Security*, 422 Fed. Appx. 869, 872 (11th Cir. 2011); *Syed v. Commissioner of Social Security,* 441 Fed. Appx. 632, 635 (11th Cir. 2011); *Washington v. Social Security Administration, Commissioner*, 503 Fed. Appx. 881, 883 (11th Cir. 2013); *Scott v. Commissioner of Social Security*, 495 Fed. Appx. 27, (11th Cir. 2012); *Jacobs v. Commissioner of Social Security*, No. 12-15509, 2013 WL 2436454 (11th Cir. Jun. 6, 2013) ("the ALJ found that the evidence demonstrated that Jacobs retained a limited ability to work despite his depression and associated moderate difficulties in maintaining his concentration, persistence, or pace, and substantial evidence supports this finding. The ALJ's hypothetical questions to the vocational expert fully accounted for Jacobs's moderate difficulties in maintaining his concentration, persistence, or pace by limiting him to one to three step non-complex tasks, consistent with the RFC assessment."); *Timmons v. Commissioner of Social Sec*,

---

[5]Note that this distinguishes the instant case from the facts in *Hommell.* There, in briefing to the Court, the Commissioner "point[ed] to evidence that, in the Commissioner's opinion, indicated that [the claimant] could work despite those limitations" and "[s]ome of this evidence was found in the ALJ's opinion, but most of it came straight from the record of the administrative proceedings, with no indication as to what the ALJ thought of it or whether it was relied upon to support any particular finding." 2013 WL 787181 at * 5 (footnote omitted).. Here, the ALJ detailed the evidence regarding Plaintiff's limitations in his administrative decision, and explicitly credited the specific findings of absence of functional limitations made by the examiner (R. 21-22). It is therefore clear what the ALJ thought of the evidence, which he relied upon in making his findings that Plaintiff was "[m]entally ... capable of simple, repetitive, routine tasks, consistent with unskilled and entry-level semi-skilled work." (R. 16). *Hommell* does not compel a remand here. *See Aldridge v. Commissioner of Soc. Sec.,* No. 6:11-cv-1914-Orl-36GJK, 2013 WL 1175008, at *5 n.2 (M.D. Fla. Mar. 20, 2013); *Neefe v. Commissioner of Soc. Sec*., No. 6:11-cv-1043-Orl-36GJK, 2013 WL 1149273, at *3-4 (M.D. Fla. Mar. 19, 2013); *Rivera-Hernandez v. Commissioner of Social Sec*., No. 6:12-cv-198-Orl-36GJK, 2013 WL 1104741, at *4 n.1 (M.D. Fla. Mar. 18, 2013).

No. 12-16166, 2013 WL 3388234, *9 -10 (11th Cir. July 9, 2013) ("An ALJ's hypothetical question restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence, and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite limitations in concentration, persistence, and pace."); *Hurst v. Commissioner of Social Sec.*, No. 12-15763, 2013 WL 2663092, *3 (11th Cir. June 14, 2013) ("Finally, because the medical evidence showed that Hurst was capable of completing simple tasks and the ALJ's hypothetical to the VE specified that the individual was capable of simple, routine, repetitive tasks, the hypothetical "sufficiently accounts" for Hurst's moderate limitation in maintaining concentration, persistence, and pace.").[6]

Here, as noted above, the medical and other evidence referenced and credited by the ALJ demonstrates that, even with some difficulties in concentration, Plaintiff is able to perform work within the RFC.[7] Therefore, the ALJ's inclusion of a limitation to simple tasks in his hypothetical questions to the Vocational Expert fully accounted for the limitations Plaintiff's mental impairments caused, and is consistent with *Winschel. See Timmons, supra* (ALJ gave great weight to similar opinions and, "in light of this supporting medical evidence" the ALJ's restriction to simple one-and two-step instructions sufficiently accounted for limitations in concentration, persistence and pace). Proper legal standards were applied.

The final objection Plaintiff raises is based on the ALJ's alleged failure to resolve a conflict between the testimony of the VE and the DOT, in violation of Social Security Ruling ("SSR") 00-4p, which provides, in pertinent part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS

---

[6]In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. The Court notes the consistency of these recent panel decisions interpreting *Winschel.*

[7]By contrast, Plaintiff points to no medical records that support disabling mental limitations.

> evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p; 2000 WL 1898704,* 2 (Dec. 4, 2000). Plaintiff contends that there is an actual conflict between the DOT and the testimony of the VE with respect to the levels of reasoning required by the cashier job, mail clerk job and assembler job the VE identified, which was not resolved by the ALJ.

The plain language of the SSR provides that the ALJ should inquire on the record as to whether the testimony is consistent with the DOT and, when there is an *apparent* unresolved conflict, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE evidence. Here, the ALJ specifically asked the VE if her testimony was consistent with the DOT, and the VE said it was (R. 62-63, 65). Thus, the ALJ fulfilled his responsibility under SSR 00-4p of asking the VE about any possible conflict between her testimony and the information provided in the DOT. SSR 00-4p does not require an ALJ to independently investigate a VE's testimony or further interrogate a VE when the VE testifies, as here, that no inconsistency or conflict exists between her testimony and the DOT. Indeed, even assuming that an inconsistency existed between the VE's testimony and the DOT, such would not be grounds for reversal. *See, e.g., Jones v. Apfel,* 190 F. 3d 1224, 1229-30 (11th Cir. 1999) (noting that a VE's testimony "trumps" the DOT when they conflict);[8] *Hurtado v. Commissioner of Soc. Sec.*, 425 Fed. Appx. 793, 795-96 (11th Cir. 2011) (even assuming that an inconsistency existed, no error in relying on VE testimony because it trumps any inconsistent provision of the DOT); *Peeler v. Commissioner of Soc. Sec.,* 400 Fed. Appx. 492, 496 (11th Cir.

---

[8]Although Plaintiff argues that *Jones* was decided before SSR 00-4p went into effect and the SSR explicitly notes that "[n]either the DOT nor the [VE testimony] automatically "trumps'," the Eleventh Circuit has directly rejected this argument, in unpublished decision, noting: " Social Security Rulings are not binding on this Court. . . . To the extent SSR 00–4p conflicts with *Jones*, we are bound by *Jones*." *Jones v. Commissioner of Social Sec*., 423 Fed.Appx. 936, 939 (11th Cir. 2011).

2010) ("The ALJ did not err in relying on Dr. Feldman's testimony even if it conflicted with information in the DOT because under our precedent Dr. Feldman's testimony trumps the DOT."). The ALJ applied the proper standard and, as these findings are supported by the record, they should not be disturbed.

## Recommendation

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. Therefore, it is **respectfully recommended** that the administrative decision be **AFFIRMED.** If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy