**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHELLE LAVERNE WRIGHT,**

          **Plaintiff,**

**v.**                                     **Case No:   6:12-cv-1640-Orl-31DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

## ORDER

On September 19, 2013, the Magistrate Judge entered a Report and Recommendation

(Doc. 21) recommending that the decision of the Commissioner denying the application for

Supplemental Security Income benefits be affirmed.   On October 2, 2013, the Plaintiff, Michelle

Laverne Wright ("Wright"), filed an objection (Doc. 22), and on October 23, 2013 the

Commissioner filed a response (Doc. 23) to the objection. Upon *de novo* review of the above, the

Court finds that the decision of the Commissioner is due to be affirmed.

**I.**    **Legal Standards**

    **A.**    **Review**

A district court's review of a final decision by the SSA is limited to determining whether

the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206,

1210 (11th Cir.2005) (*per curiam*), and whether the ALJ applied the correct legal standards, *Lamb*

*v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988).   The SSA's findings of fact are conclusive if

supported by substantial evidence.   42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210.   "Substantial

evidence is more than a scintilla, and must do more than create a suspicion of the existence of the

fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir.1982) (internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.1986) (*per curiam*) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983)). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision.  *Dyer*, 395 F.3d at 1210.   The court may not reweigh the evidence or substitute its own judgment. Id.

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims.   *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir.1988) (*per curiam*).   Therefore, the court will reverse if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law.  *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir.1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991)).

**B.     Disability Determinations**

The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and

(5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.   *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004);   20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).   However, "the burden temporarily shifts at step five to the Commissioner … [who] must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform."  *Id.* at 1278 n.2.

To evaluate a claimant's mental impairment at steps two and three of the sequential evaluation process, the ALJ is obligated to utilize a special technique.   20 C.F.R. § 404.1520a-(a). This special technique requires separate evaluations of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.   20 C.F.R. § 404.1520a-(c)(3-4).

At step four, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence.  *See Phillips*, 357 F.3d at 1238-39.   To determine, at step five, whether there are significant numbers of jobs in the national economy that the claimant can perform, the ALJ may either apply the Medical Vocational Guidelines or obtain the testimony of a vocational expert ("VE").  "In order for a vocational expert's testimony to constitute substantial evidence,[1] the ALJ

---

[1] In Social Security appeals, the court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004) (*per curiam*) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)).

must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (*per curiam*).

**II.    Analysis**

At step two of the five-step evaluation sequence, the ALJ determined that Wright suffered from a number of severe impairments, including depression and anxiety.   (Doc. 13-2 at 13).   The ALJ then found that Wright had moderate difficulties in concentration, persistence or pace.   (Doc. 13-2 at 15).   At step five, the ALJ determined that Wright had the residual functional capacity ("RFC") to perform light work.   (Doc. 13-2 at 16).   As part of this determination, the ALJ noted that, "Mentally, [Wright] is capable of simple, repetitive, routine tasks, consistent with unskilled and entry-level semi-skilled work."   (Doc. 13-2 at 17).   The ALJ also included this limitation to "simple, repetitive, routine tasks, consistent with unskilled and entry-level semi-skilled work" in the hypothetical posed to the VE.   (Doc. 13-2 at 64-65).

Wright complains that in so doing, the ALJ failed to include all of her impairments, as required for the VE's testimony to constitute substantial evidence..   More particularly, Wright complains that the ALJ "failed to specifically account" for her moderate limitations in maintaining concentration, persistence, or pace.   (Doc. 22 at 4).   However, these limitations do not necessarily need to be included in the hypothetical posed to the ALJ.   As described in *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011), this requirement can be dispensed with where the ALJ has "indicated that medical evidence suggest[s] [claimant's] ability to work is unaffected" by the limitations.   In this case, the ALJ pointed to the record evidence considered in making the RFC determination and announced that he was assigning "great weight" to the opinion of "N. Kirmani, M.D." who had conducted a psychiatric evaluation of Wright.   (Doc. 13-2 at 21-22).   Kirmani opined, *inter alia*, that Wright "has the ability to understand, remember, and carry

out instructions."   (Doc. 13-2 at 23).   The ALJ stated that's Kirmani's opinion was entitled to great weight because it was "consistent with the objective medical evidence of record and the claimant's testimony as to her functional abilities at work."   (Doc. 13-2 at 23).   Although it would be better to provide a more explicit linkage between Kirmani's opinion and the ALJ's determination that Wright's difficulties in concentration, persistence, or pace did not affect her ability, the Court finds that the *Winschel* standard was satisfied here.

Accordingly, the Report and Recommendation (Doc. 21) is **CONFIRMED** and **ADOPTED** as part of this order.   The decision of the Commissioner is **AFFIRMED**.   The Clerk is directed to enter judgment in favor of the Commissioner and close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 12, 2014.

                                         **GREGORY A. PRESNELL**
                                **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party